# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **RAMIRO GARZA,** | ) | 1:07-cv-0535-OWW WMW HC |
| Petitioner, | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |
| vs. | ) | |
| | ) | |
| **ON HABEAS CORPUS,** | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court.

Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus relief will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

In this case, Petitioner's only contentions are as follows:

> I got into a fist fight at a program sent by court. Person hit me I hit back for self defense. They gave me 13 years for a fist fight. That is too much time for a fist fight.
> I need a appeal done. They gave me [indecipherable] me. I had a full 13 years for a self defense fight. I broke probation.

Petitioner makes no reference to the Constitution or laws of the United States and provides no argument as to how the decision of the California Supreme Court upholding his conviction "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). This petition therefore provides no basis for habeas corpus relief.

Further, the court notes that this petition is duplicative of the petition filed in Ramiro Garza on Habeas Corpus, 1:07-cv-00447 AWI WMW.

1
2       Based on the foregoing, IT IS HEREBY ORDERED as follows:
3 1)   This petition for writ of habeas corpus is DISMISSED as duplicative and for failure
4      to state a claim upon which relief can be granted;
5 2)   The Clerk of the Court is directed to close this case.

9 IT IS SO ORDERED.
10 **Dated:   April 13, 2007**                **/s/ Oliver W. Wanger**
                                                    UNITED STATES DISTRICT JUDGE